UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUPERIOR LABOR SERVICES, INC.**            **CIVIL ACTION**

**VERSUS**            **No. 13-6609**

**FOLSE OILFIELD SERVICES, LLC ET AL.**            **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff to remand the above-captioned matter and for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c), as well as a later-filed supplemental memorandum[2] in support of the motion. Defendants filed an opposition[3] and a sur reply.[4] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On October 25, 2013, plaintiff initiated the above-captioned litigation against defendants for allegedly breaching two leases[5] that were both signed on February 15, 2012.[6] Defendants removed the case on December 9, 2013, alleging complete diversity between plaintiff and defendants. Defendants assert that plaintiff is a Louisiana corporation with its principal place of business in Terrebone Parish and that defendant Stephen Folse ("Mr. Folse") is a citizen of Texas.[7]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 18.
[3] R. Doc. No. 10.
[4] R. Doc. No. 19.
[5] R. Doc. No. 1-1, at 1-3.
[6] R. Doc. No. 8-4, at 7, 14.
[7] R. Doc. No. 1, at 2.

Plaintiff filed a motion to remand on January 6, 2014.[8] Plaintiff contends that removal was improper because the leases at issue contain a mandatory forum selection clause[9] and that complete diversity does not exist because "the Leases contain a declaration that Folse is a domiciliary of Louisiana."[10] Plaintiff also seeks costs and attorney's fees "because Defendants' removal of this case was not objectively reasonable."[11] Defendants oppose the motion on the grounds that the forum selection clauses are merely permissive, not mandatory,[12] and that Mr. Folse, the allegedly non-diverse defendant,[13] has actually resided in Texas for 17 years, notwithstanding the "passing" language of the lease.[14]

The provisions in both leases that are relevant to plaintiff's motion to remand are identical.[15]

## STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *See Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson*

---

[8] R. Doc. No. 8.
[9] R. Doc. No. 8-1, at 2-3.
[10] R. Doc. No. 8-1, at 4.
[11] R. Doc. No. 8-1, at 4.
[12] R. Doc. No. 10, at 2-4.
[13] The complaint states that Mr. Folse's company, Folse Oilfield Services, LLC, which is also named as a co-defendant, is a Pennsylvania LLC with an office in Fort Worth, Texas. R. Doc. No. 1-1, at 2. Plaintiff does not contest that Folse Oilfield Services, LLC is diverse.
[14] R. Doc. No. 10, at 5.
[15] *Compare* R. Doc. No. 8-4, at 1-7, *with* R. Doc. No. 8-4, at 8-14.

*Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

### A. Diversity

Before addressing the meaning of the forum selection clause, the Court must satisfy itself that it has a basis for doing so—that is, that diversity jurisdiction is present. Plaintiff points to paragraph 15 of the leases, which state, "And now comes and intervenes, Stephen Folse, a person of the full age of majority, and a resident of and domiciled in State of Louisiana . . . ."[16] Plaintiff argues, without citation to authority, that "[t]his creates a presumption that he is indeed a Louisiana domiciliary. . . . Therefore, this Court should remand the case to state court unless Folse can show evidence of Texas domicile that contradicts the presumption created by the declarations in the Leases."

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also Durel v. Howard*, No. 13-5991, 2013 WL 6499723, at *1 (E.D. La. Dec. 11, 2013) (Engelhardt, J.). "Domicile requires residence in the state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

In the notice of removal, defendants and their counsel represented to the Court, subject to Rule 11 of the Federal Rules of Civil Procedure, that "[a]t the time of commencement of the Civil Action, and continuing through to the date of filing of this Notice of Removal, [Mr.] Folse

---

[16] R. Doc. No. 8-4, at 6, 13.

resided in Texas, maintained his domicile in Texas and is a citizen of the State of Texas."[17] Furthermore, Mr. Folse provided a sworn affidavit describing his residency and activities in Texas and stating that the leases "incorrectly state that I am and/or was on February 13, 2012 'a resident of and domiciled in State of Louisiana'" and that "[b]oth Lease Agreements were drafted by [plaintiff]."[18] Plaintiff's supplemental memorandum does not controvert the affidavit or offer any evidence to the contrary. Furthermore, to the extent that the leases provide any evidence of domicile, they could only address Mr. Folse's domicile on February 15, 2012, the date that they were signed.[19]

From the evidence presented to the Court, the Court concludes that Mr. Folse is domiciled in Texas[20] and that complete diversity existed at all relevant times.[21] Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### B. Forum Selection Clause

Having found that complete diversity exists between plaintiff and defendants, the Court now considers the effect of the forum selection clause. Federal law determines the enforceability of forum selection clauses in diversity cases. *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). If certain conditions are met, an enforceable forum selection clause can prevent a defendant from removing a case to federal court even though federal subject matter jurisdiction otherwise exists. *See, e.g.*, *Collin County, Texas v. Siemens Bus. Serv., Inc.*, 250 F. App'x 45 (5th Cir. 2007). A permissive forum selection clause merely indicates "[a] party's consent to jurisdiction" in a particular forum and "does not

---

[17] R. Doc. No. 1, at 2.
[18] R. Doc. No. 10-1, at 2.
[19] R. Doc. No. 8-4, at 7, 14.
[20] *See Preston*, 485 F.3d at 798.
[21] *See Coury*, 85 F.3d at 249.

4

necessarily waive its right to have an action heard in another." *City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "Mandatory forum-selection clauses . . . require all litigation to be conducted in a specified forum . . . ." *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009).

A mandatory forum selection clause will "prevent a party from exercising its right to removal" only if "the clause [gives] a 'clear and unequivocal' waiver of that right." *New Orleans*, 376 F.3d at 504 (citations omitted). Further, "[a] party may waive its rights . . . by establishing an exclusive venue within the contract." *Id.* Nevertheless, Fifth Circuit precedent requires courts faced with "two reasonable, but conflicting interpretations of a contract provision" to adopt the interpretation least favorable to the drafter. *Alliance Health Grp.*, 553 F.3d at 402. The Fifth Circuit has applied this principle in the specific context of forum selection clauses. *See, e.g.*, *id.*

Defendants contend, and plaintiff does not contest, that plaintiff drafted the leases at issue.[22] Accordingly, any conflicting interpretations are to be resolved against plaintiff. *See id.* The parties disagree, however, as to whether the clauses are mandatory or permissive. The clauses at issue read:

> 9.1    This agreement shall be subject to and governed by the laws of the State of Louisiana.
> 9.2    Should it be necessary to file any suit to enforce any provisions of this lease agreement, the parties stipulate that proper forum for such proceedings shall be by the 17th Judicial District Court, Lafourche Parish, Louisiana.[23]

Plaintiff argues that "[t]he usage of the words '**the** proper forum' and 'shall be' indicate that these are mandatory venue forum selection clauses that waive the right to remove,"[24] but

---

[22] *See* R. Doc. No. 10, at 1.
[23] R. Doc. No. 8-4, at 5, 12.
[24] R. Doc. No. 11, at 1; *see also* R. Doc. No. 8-1 at 2-3.

plaintiff misquotes the leases: the word "the" does not appear before "proper forum" in either lease. Defendants make the same mistake in their opposition.[25] If the word "the" did appear in the leases, the Court would have a different argument to consider.[26] As it is written, however, it would be reasonable to interpret paragraph 9.2 of the lease as being either mandatory ("the parties stipulate that [the] proper forum") or permissive ("the parties stipulate that [a] proper forum"). Accordingly, the clause must be interpreted against plaintiff and in favor of defendants' right to remove. *See id.*

The Court is likewise concerned with the use of the word "by," which can be defined as "in proximity to," "through or through the medium of," and "through the agency of instrumentality of." *by*, Merriam-Webster, http://www.merriam-webster.com/dictionary/the (last visited February 24, 2014); *see also by*, Black's Law Dictionary (6th ed. 1990) ("Before a certain time; beside; close to; in close proximity; in consequence of; . . . with the witness or sanction of; into the vicinity of and beyond. Through the means, act, agency or instrumentality of."). To the extent that the word "by" refers to physical proximity, the Court can only wonder whether it is sufficiently close to Lafourche Parish for it to be "proper forum." However, to the extent that "by" is synonymous with "through," "via," or "by way of," the clause may be satisfied: the above-captioned matter is before the Court "via" and "by way of" the 17th Judicial District

---

[25] R. Doc. No. 10, at 3.

[26] The word "the" is "used as a function word to indicate that a following noun or noun equivalent is a *unique* or a particular member of its class." *the*, Merriam-Webster, http://www.merriam-webster.com/dictionary/the (last visited February 24, 2014) (emphasis added); *see also the*, Black's Law Dictionary (6th ed. 1990) ("An article which particularizes the subject spoken of. In construing statute, definite article 'the' particularizes the subject which it precedes and is word of limitation as opposed to indefinite or generalizing force 'a' or 'an.'").

Court, Lafourche Parish, Louisiana, where the case was initially filed and from which it was removed.[27]

The ambiguity with respect to the use of the word "by" is also sufficient to defeat the motion to remand. The nonsensical use of the word "by" robs the clause of any enforceable meaning, and the clause is certainly well short of a "clear and unequivocal" waiver of the right of removal. *City of New Orleans*, 376 F.3d at 504. At the very least, the clause is ambiguous and must be construed against plaintiff. *See Alliance Health Grp.*, 553 F.3d at 402. Accordingly, the Court finds that remand is not proper.

### C. Costs and Attorney's Fees

28 U.S.C. 1447(c) states, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because remand is not warranted, plaintiff is not entitled to any award.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, February 25, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. No. 1.